UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| ROGUELL A. BLUE, | ) |
| PLAINTIFF, | ) |
| v. | ) 15-CV 01024 GJH |
| PRINCE GEORGE'S COUNTY, et al., | ) |
| DEFENDANTS | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT**
**PRINCE GEORGE'S COUNTY MOTION TO DISMISS**

Plaintiff, Roguell A. Blue, by and through his attorney, Malik Z. Shabazz answer to Defendant's Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and states:

1. The Court should rule in Plaintiff's favor because by assuming that all the material facts in Plaintiff Roguell Blue's complaint are true, and having construed all facts in a light most favorable to the nonmovant, Plaintiff's §1983 claim against Prince Georges County should not be dismissed. Plaintiff has alleged sufficient material facts his complaint for violation of his constitutional rights against Defendant Prince Georges County and is properly seeking redress under §1983 For Failure To Train And Supervise.

2. Plaintiff deserves the opportunity to prove his claims through discovery and motion to dismiss is not proper at this stage.

**II. STATEMENT OF RELEVANT FACTS**

On November 23, 2011 Plaintiff was working in his employment capacity as an agent for the United States Fugitive Enforcement Agency. At all times relevant Plaintiff was serving a

1

valid legal warrant for Dominion Bail Bonds of Upper Marlboro Maryland. *See* Exhibit 1. Plaintiffs 2nd Amended Complaint ¶ 6.

At all times relevant Plaintiff had his badge hanging from his neck, tactical utility vests and an lawfully obtained MP15 semi-automatic rifle hanging from a shoulder harness around his neck. Plaintiff and an agent of his, located the fugitive who is the subject of the warrant in Capitol Heights off of Rollins Avenue at 1015 Huntsworth Court in Capitol Heights Maryland. *Id.* at ¶ 7-8.

Plaintiff and his agent then served the warrant on that address, found the fugitive, legally apprehended the fugitive, and took and then secured the arrested fugitive in the rear of Plaintiff's vehicle. *Id.* at ¶ 9

The neighbor did in fact call 911, soon thereafter multiple Prince Georges County Police cars arrived in the parking lot of the townhome. Plaintiff showed the police a picture of the fugitive, a copy of the warrant for the fugitive and Plaintiff's identification. Plaintiff's identification matched the badge he was wearing from his company, United States Fugitive Enforcement Agency. Plaintiff informed the police that the fugitive was in the vehicle in custody. The police officers then verified the validity of the warrant and also verified the identity of the fugitive. A debate ensued amongst Plaintiff and the lead officer as to the necessity of having a permit for the weapon in the State of Maryland. Plaintiff maintained he needed no permit and cited evidence that effect; the police were unsure. *Id.* at ¶ 11-15.

Plaintiff was then taken into custody by Officer Batth and transported to the District 3 Station in Palmer Park, Maryland. After interrogation Plaintiff was arrested and taken to P.G. County Detention Center. The charges were later dropped. *Id.* at ¶ 17

At all times relevant herein, Defendant Prince Georges County was a corporate entity

and political subdivision that maintained a police department which operates under and administers a set of law enforcement policies, practices and customs involving hiring, training and supervision of its officers. These policies, practices and customs include contacts and detainments and arrests for alleged weapons possessions violations. These policies were specifically supervised by Police Chief Mark A. Magow. *Id.* at ¶ 18

Previous violations of the citizen's constitutional rights had been occurring in the Prince Georges County for some time before Plaintiff's November 23, 2011 adverse encounter with officer Batth, who was under the command and control of Defendant, Prince George's County.  Prince George's County failed to train this officer properly according to the level of training needed in order to curb or halt these preventable constitutional violations from occurring. *Id.* at ¶ 19

## II.  STANDARD OF REVIEW GOVERNING 12(B)(6) MOTION TO DISMISS

It is well settled law that the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted, must be decided solely based on the allegations in the Plaintiff's complaint. *See* Fed. R. Civ. P. 12(d).  In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), it was found that the Court does not decide disputed issues of fact; instead it must assume that all material facts in the plaintiff's complaint are true.  Not only must the Court accept the plaintiff's allegations as true, but it also must accept as true all reasonable factual inferences drawn from the Plaintiff's allegations.  *See Kowal v. MCI Comm'ns Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir 1994); *Schuler v. United States*, 617 F. 2d 605, 608 (D.C. Cir. 1979). Therefore, factual allegations in briefs or memoranda of law generally may not be considered when deciding a Rule 12(b)(6) motion, especially when the facts contained therein contradict

those alleged in the complaint. *Henthorn v. Dept. of Navy*, 29 F. 3d 682,688. (D.C. Cir. 1994).

Accordingly, a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir.1988) (internal quotation marks omitted) (emphasis added). *Brown V. Mayor And City Council Of Baltimore,* Defendant., 2009 WL 5131827 (D.Md.)

### III. ARGUMENT

**A.  Plaintiff Has Sufficiently Alleged Material  Facts In Count III For Violation Of His Fourth Amendment Rights Against Defendant Prince George's County In Seeking Redress Under § 1983 For Failure To Train And Supervise**.

Plaintiff does not need to establish a list or pattern of infractions prior to discovery because the courts have carved out an exception based on a single incident in a failure to train *Monell* claim.  A *Monell* claim may proceed absent a pattern of violations only where (1) "a violation of federal rights may be a highly predictable consequence of a failure to equip [corrections] officers with specific tools [or skills] to handle recurrent situations," and (2) the

likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right." *Kline ex. rel Arndt v. Mansfield*, 255 Fed.Appx. at 629 (quoting Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 409, 117 S.Ct. 1382, 1391 137 L.Ed.2d 626, 642 (1997)). In leaving open the possibility that municipal liability could be triggered by evidence of a single violation of federal rights, accompanied by a showing that the municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, *id.*, at 390, and n. 10, 109 S.Ct., at 1205 and n. 10, the *Canton* Court simply hypothesized that, in this narrow range of circumstances, the violation may be a highly predictable consequence of the failure to train and thereby justify a finding of "deliberate indifference" by policymakers. Predicting the consequence of a single hiring decision, even one based on an inadequate assessment of a record, is far more difficult. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 398 (1997)

However, an exception exists and a "failure to train" Monell claim may proceed absent a pattern of violations only where (1) "a violation of federal rights may be a highly predictable consequence of a failure to equip [corrections] officers with specific tools [or skills] to handle recurrent situations," and (2) the likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right." *Kline*, 255 at 629.

More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken

repeatedly. To deny compensation to the victim would therefore be contrary to the fundamental purpose of § 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). This Court has recognized a § 1983 cause of action based on a single decision attributable to a municipality only where the evidence that the municipality had acted and that the plaintiff had suffered a deprivation of federal rights also proved fault and causation. See, *e.g., Pembaur, supra,* at 481, 106 S.Ct., at 1299. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 398 (1997)

In Count III (Deprivation of Civil Rights, 42 U.S.C. § 1983) of Plaintiff's 2nd Amendment Complaint, he alleges:

> 29.   At the time of the incident, Defendant Police Officers were acting under the direction and control, and pursuant to the practices and customs, of Defendant Prince Georges County, implemented by Police Chief Mark A. Magow.
>
> 29.   Defendant Prince Georges County, acted carelessly and recklessly and with deliberate indifference to Plaintiff by failing to properly train, supervise, control and direct, monitor and discipline their officers; in specific police officers that enforced weapons violations.
>
> 30.   Defendant Prince Georges County knew or should have known that its employees, were ill advised of the applicable laws pertaining to armed bail bondsmen operating in their jurisdiction during the course of their employment.
>
> 31.   Defendant Prince Georges County, knew or should have known that its officer- employees were untrained and ill informed in the matters of the gun laws of the state of Maryland.
>
> As a direct and proximate cause of the acts and omissions by Defendant Prince Georges County, Plaintiff was subjected to excessive force, unlawfully seized and otherwise deprived of his constitutional rights

*See* Exhibit 1, Plaintiff's 2nd Amended Complaint.

Plaintiff is alleging that his 4th Amendment rights were violated because Prince George's County officers, under the command of Police Chief Mark Magow, are not equipped or trained

with the specific knowledge of the applicable gun laws and how they apply to lawful enforcement officers operating on behalf of bail bondsmen in Prince George's County. Plaintiff's case is such that it fits under this policy or practice of Prince Georges County and its Police Chief. Plaintiff aims to show that Defendant has failed to conduct the necessary professional training in this narrow and specific area and has failed to properly equip its officers with the proper training, resources or tools to make the proper field determinations that would have prevented the violation of Plaintiff's constitutional rights to be free from unlawful seizure. Defendant well knew that its policies in this area could likely result in Mr. Blue's unconstitutional seizure. Yet with deliberate indifference, still to this date, Defendant has not corrected its training policies. Plaintiff aims to prove this is a recurring problem in Prince Georges County. These are material facts specifically laid out in Plaintiffs complaint.

(2) the likelihood of recurrence and predictability of the violation of a citizen's rights "could justify a finding that [the] policymakers' decision not to train an officer reflected 'deliberate indifference' to the obvious consequence of the policymakers' choice – namely, a violation of a specific constitutional or statutory right."

Assuming that all the above stated material facts in the Plaintiff Roguell's complaint are true, then the Court must accept that the Plaintiff's allegation are true and accepting as true all reasonable factual inferences drawn from the Plaintiff's allegations, then Plaintiff's 1983 claim against Prince Georges County should not be dismissed.

### B. **Plaintiff Deserves The Opportunity To Prove His Claims Through Discovery And Motion to Dismiss Is Not Proper At This Stage.**

Plaintiff will need the discovery process to prove the specific of well pleaded allegations in the complaint that Defendant was aware that its failure to train and equip officers with the requisite knowledge and skill to handle a stop or contact with persons similarly situated as Plaintiff Roguell Blue:

> 30. Defendant Prince Georges County knew or should have known that its employees, were ill advised of the applicable laws pertaining to armed bail bondsmen operating in their jurisdiction during the course of their employment.
>
> 31. Defendant Prince Georges County, knew or should have known that its officer- employees were untrained and ill informed in the matters of the gun laws of the state of Maryland.

*See* Complaint at ¶ 30-31

Plaintiffs complaints are not conclusions, rather Plaintiff alleges that Defendant was negligent in specific policies and trainings and supervision and he should be afforded discovery process to approve or disprove  to will accomplish this through depositions and through expert witnesses.   Plaintiff will establish through the discovery process that this is a recurring issue in Prince Georges County and custom and pattern has been established.  Plaintiff will need the discovery process to prove that in his specific case, Plaintiff Roguell Blue was a victim of Prince Georges County Police Chief, deliberate indifference to a predictable constitutional violation against Plaintiff.

Generally speaking, sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party. "*Williamson v. Prince George's County, Md.*, CIV.A. DKC 10-1100, 2011 WL 280961, at *9 (D. Md. Jan. 26, 2011). The specifics of past and recurring violations and unconstitutional seizures are all in the hands of

the Defendants. The specifics of County policies and police procedures are all in the hands of the Defendants.

Rule 56(d) states: When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order

Fed. R. Civ. P. 56

If after discovery, Plaintiff has not been able to make out the elements of his claim, then motion to dismiss should be considered, but not at this stage. Therefore, all matters viewed in the best light for the Plaintiff, or the non-moving party, Defendant's motion to dismiss must be denied.

### IV.   CONCLUSION

WHEREFORE, Plaintiff Roguell A. Blue respectfully requests that Defendant's motion to dismiss be denied.

Respectfully submitted,

/s/Malik Z Shabazz

Malik Z. Shabazz, (458434)
1200 G Street, N.W.
 Suite 800

9

Washington, D.C. 20005  
(202) 434- 4528  
Attorney.shabazz@yahoo.com

Counsel for the Plaintiff