IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| ROGUELL A. BLUE, | ) | |
|---|---|---|
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | 15-CV 01024 GJH |
| | ) | |
| SUKHJIT BATTH, | ) | |
| | ) | |
| DEFENDANT | ) | |

**THIRD AMENDED COMPLAINT**
(False Imprisonment; 42 U.S.C. § 1983-Unwarranted Seizure & Excessive Force)

**INTRODUCTION**

1. Now comes Plaintiff, with the consent of opposing counsel, pursuant to F.R.C.P. 15 (a)(1)(B), by and through counsel, hereby files a Third Amended Complaint. This is a civil action seeking damages against the Defendant for false arrest, false imprisonment and unconstitutional seizure when he falsely detained the Plaintiff. This action seeks both compensatory and punitive damages against the defendant for the intentional acts of wrongdoing under common law and for violations of the Plaintiff's constitutional rights.

**JURISDICTION**

2. This court has achieved jurisdiction over this suit subsequent to Defendant's Notice of Removal pursuant to 28 U.S.C. §1441.

## PARTIES

3. Plaintiff, Roguell Adam Blue is a 44 year old African American male. At all times relevant herein, he has been a citizen of the United States and an agent for the Unites States Fugitive Enforcement Agency.

4. At all times relevant to this complaint, Officer Sukhjit Batth of the Prince Georges County Police was a duly licensed police officer and employee of Defendant Prince George's County and acting within the scope of his authority and under color of law. He is sued in his official and individual capacity.

## STATEMENT OF FACTS

5. On November 23, 2011 Plaintiff was working in his employment capacity as an agent for the United States Fugitive Enforcement Agency.

6. At all times relevant Plaintiff was serving a valid legal warrant for Dominion Bailbonds of Upper Marlboro, Maryland. At all times relevant Plaintiff had his badge hanging from his neck, tactical utility vests and an lawfully obtained MP15 semi-automatic rifle hanging from a shoulder harness around his neck.

7. Plaintiff and a fellow agent of his, Dana Yeargin located the fugitive, who had skipped bail, and who is the subject of the warrant in Capitol Heights off of Rollins Avenue at 1015 Huntsworth Court in Capitol Heights Maryland.

8. Plaintiff and his agent then served the warrant on that address, and eventually found the fugitive after the male resident of the house claimed the fugitive in question was not there. Plaintiff then legally apprehended the fugitive and began to take information on the male resident

of the house.

9. Plaintiff's agent, Dana Yeargin took the arrested fugitive to Plaintiff's vehicle and secured the arrested fugitive in the rear of Plaintiff's vehicle. Plaintiff's agent remained at the vehicle to watch and secure the fugitive.

10. While Plaintiff was still inside the residence, the neighbor of the home next door of this residence then came over to complain that the dog that belonged to the male resident of the house had come over and damaged the neighbor's carpet. Plaintiff informed the neighbor that he really couldn't handle or deal with that; and that Plaintiff was there to execute a warrant on the fugitive. The neighbor became upset over the lack of resolution to his damaged carpet and stated he would call 911.

11. The neighbor did in fact call 911 to report the dispute, and also reported to the 911 operator that Plaintiff was a bounty hunter.

12. Plaintiff then exited the residence with the fugitive and secured the fugitive in Plaintiff's vehicle which was in the parking lot. Soon thereafter multiple Prince George's County Police Cars arrived in the parking lot of the town home. Plaintiff showed the police a picture of the fugitive, a copy of the warrant for the fugitive, which contained the name, Dominion Bails Bonds, and Plaintiff's, identification. Plaintiff's identification matched the badge he was wearing from his company, United States Fugitive Enforcement Agency. Plaintiff informed the police that the fugitive was in the vehicle in custody.

13. The police officers then verified the validity of the warrant and also verified the identity of the fugitive.

14. A debate ensued amongst Plaintiff and the lead officer, Officer Batth, as to the necessity of having a permit for the weapon in the State of Maryland. Plaintiff maintained he

needed no permit to carry his weapon and cited evidence that effect; but the police were unsure. Officer Baath responded to Plaintiff by stating, in words, "go ahead, since you got your man, go ahead and secure and put up your weapon." Plaintiff, in front of Batth and all the officers, then ejected the magazine, and broke down the weapon and secured it in the trunk. Plaintiff then closed the trunk and then put the rifle magazine in his tactical vest pocket. Then Plaintiff resumed the conversation with Batth and the officers.

15. At this point another ranking official arrives. The officers go to this official and begin going through Plaintiff's wallet. At this point Plaintiff goes over to the officers and asks them do they have any questions about the validity of the arrest he was making. The police official then asks, "Mr. Blue are you trying to tell me that you don't need a permit to carry or possess a shotgun or rifle in the state of Maryland?" Plaintiff responded, "no you don't, not a permit for a semi automatic rifle or shotgun, only an automatic weapon, which you need a class three certification." The official replied, "I have been a sergeant for 13 years and I have always known that you need a permit to carry anything in the State of Maryland." Plaintiff stated, "respectfully sir, that's not true, its only for an automatic rifle." Another officer said, "did you know that its against the law to have a 30 yound magazine?" Plaintiff responded, "yes that's why I have a 20 round magazine." Then the police official said, " o.k. you can go ahead and go back to your car."

16. At this point Officer Batth, produced handcuffs and informed Plaintiff that he was being taken in for questioning. Plaintiff had been in contact with his supervisor, Karen, at Dominion Bails Bonds. Plaintiff complained that handcuffs were on too tight and simultaneously got his supervisor on the phone and passed the phone one of the officers. Karen, Plaintiff's supervisor, told the officer that Plaintiff was legally and lawfully working for

4

Dominion Bails Bonds and was on a lawful assignment. Plaintiff was then taken into custody by Officer Batth and transported to the District 3 Station in Palmer Park, Maryland. While arrested, Plaintiff questioned Officer Batth as to why he was arrested, and Officer Batth stated, "your not being arrested, you are being partially detained."

17. After being put in an interrogation room, Plaintiff was soon arrested on weapons violations and taken to P.G. County Detention Center. The charges were later dropped and the fugitive was then taken to jail by Prince Georges County Police.

18. At all times relevant herein, Defendant Prince Georges County was a corporate entity and political subdivision that maintained a police department which operates under and administers a set of law enforcement policies, practices and customs involving hiring, training and supervision of its officers. These policies, practices and customs include contacts and detainments and arrests for alleged weapons possessions violations. These policies were specifically supervised by Police Chief Mark A. Magow.

19. Previous violations of the citizen's constitutional rights had been occurring in the Prince George's County for some time before Plaintiff's November 23, 2011 adverse encounter with officers Batth, who was under the command and control of Defendant, Prince Georges County. Prince Georges County failed to train this officer properly according to the level of training needed in order to curb or halt these preventable Constitutional violations from occurring.

## COUNT I
**(False Imprisonment/False Arrest)**

20. Plaintiff Blue incorporates by reference paragraphs 1 through 19, as if fully set forth herein.

21. The Defendant, officer Batth wrongfully arrested and committed false imprisonment upon the Plaintiff without justifiable cause. The officer did not have probable cause that a crime was being committed, had no information that any crime was being committed or that Plaintiff was intending to commit a crime. Officer Batth in fact, intentionally disregarded all reasonable information presented to him by Plaintiff and Plaintiff's supervisor at Dominion Bailbonds that provided proof that Plaintiff was carrying out a lawful, legally protected assignment.

22. As a direct proximate result of the false arrest of the Plaintiff by the Defendant Batth, the Plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being illegally detained, manhandled and otherwise grossly mistreated. Plaintiff has suffered lost wages and effectively has not worked since the incident due to injuries inflicted by defendant.

23. At the time that the above referenced false imprisonment was committed upon Plaintiff, the Defendant officers were acting within the scope of their employment for and at the direction of defendant Prince George's County.

WHEREFORE, the Plaintiff demands judgment against the Defendant Batth, in the full and just amount of Three Million Dollars ($3,000,000.00), in compensatory and punitive damages plus interest and costs.

## COUNT II

**(Deprivation of Civil Rights, 42 U.S.C. § 1983)**

24. Plaintiffs incorporate, by reference, paragraphs 1 through 23 as is fully set forth herein.

25. Plaintiff further alleges that the defendant officer Batth, void of objective reason, and in reckless disregard for the safety and well-being of the Plaintiff and in violation of the 4th Amendment to the Constitution, did on November 23, 2011 commit acts which deprived Plaintiff of his Constitutional right to be free from an unreasonable seizure.

26. Plaintiff further alleges Defendant Officer Batth, void of objective reason, wrongfully seized and arrested Plaintiff when clearly no force was warranted against his person under the circumstances. Officer Batth did not have probable cause that a crime was being committed. He had no information that any crime was being committed or that Plaintiff was intending to commit a crime. Officer Batth in fact, intentionally disregarded all reasonable information presented to him by Plaintiff and Plaintiff's supervisor at Dominion Bailbonds, which provided proof that Plaintiff was carrying out a lawful, legally protected assignment.

27. As a direct and proximate result of the actions of the defendant officer, Plaintiff was deprived of his liberty and injured by the Defendant police officer, acting outside the parameters of law and decency.

Wherefore, Plaintiff demands judgment against Defendant Batth, in the full and fair amount of Three Million Dollars ($3,000,000.00) in compensatory and punitive damages, plus interest and costs.

## **JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Malik Shabazz/s/
_____

Malik Z. Shabazz,
6411 Ivy Lane #402
Greenbelt, Maryland 20770
(301) 513-5445
Attorney.shabazz@yahoo.com

Counsel for the Plaintiff